THOMAS VAUGHN, Appellant, v. FRANK WILSON, THOMAS PIERPOINT, and IRA MOORE, Respondents.

### Kansas City Court of Appeals, June 13, 1888.

PRACTICE—EVIDENCE—COMPETENCY OF—CASE ADJUDGED.—It would not be allowable to show, on the trial of an indictment, that the prisoner has a general disposition to commit the same kind of offence as that charged against him. The same principle applies in civil cases ; and evidence, in this case, of Wilson's ability to imitate Moore's signature, in no way tended to prove that Wilson had forged Moore's signature to the note in suit ; and the evidence admitted was wholly irrelevant and foreign to the issue.

APPEAL from Nodaway Circuit Court, HON. CYRUS A. ANTHONY, Judge.

*Reversed and remanded.*

The case is stated in the opinion.

JOHN EDWARDS and WM. ELLISON, for the appellant.

I. The court should have excluded the testimony in relation to the transaction which occurred at Ira Moore's house, long after the execution of the note sued on. *Dow's Ex'r v. Spenney Ex'r*, 20 Mo. 386.

II. Where one is sued on a note he cannot escape liability by proving that any number of persons admitted that they forged his name to it. It is not admissible for one to disprove he did an act by proving that another admitted that he did it. *Young v. Smith*, 25 Mo. 341 ; *Clark v. Haffaker*, 26 Mo. 264 ; *Railroad v. Wheatley*, 49 Mo. 136.

III. In the first instruction for the defendant, the jury are told that it devolves on the plaintiff to prove to the satisfaction of the jury, by a preponderance of the evidence, that defendants signed the note. This was error. *Herrick v. Garry*, 83 Ill. 85, 89 ; *Brent v. Brent*,

14 Ill. App. 256, 275, 289; *Stratton v. Railroad*, 95 Ill. 25, 32; *Monaghan v. Ins. Co.*, 53 Mich. 238; *Hall v. Wolf*, 61 Iowa, 559; *Beach v. Clark*, 51 Conn. 200; *Ruff v. Jarrett*, 94 Ill. 475. By satisfactory evidence, "is meant that amount of proof which ordinarily satisfies an unprejudiced mind beyond reasonable doubt." 1 Greenl. on Evid. [14 Ed.] sec. 2; *Whitney v. Clifford*, 57 Wis. 156. Here the jury are told that it devolves on the plaintiff not only to prove the issue by a preponderance of the evidence, but that the preponderance must be so decided as to satisfy the minds of the jury. The jury are not required to be satisfied, or to believe beyond a reasonable doubt, that the evidence preponderates in plaintiff's favor before finding for him. If they believe though they may not be satisfied of it, that the weight of the evidence is in plaintiff's favor, they should find for him. Similar phraseology has been used in instructions passed upon by our Supreme Court; but, so far as we have been able to find, no objection was made on that ground, and the point has not been passed upon.

S. B. BEECH, for the respondents.

I. The court did not err in admitting the testimony of Ira Moore, John Wilson, and Fernando Moore, relative to the practice on respondent Moore's name at his house, in March, 1886, and the case of *Dow's Ex'r v. Spenning Ex'r*, 29 Mo. 386, cited by appellant, does not militate against this position; that case says that respondents cannot show in support of their defence that "the alleged forger was a fine penman, and had great skill in imitating the handwriting of others," generally; that is, the fact that he was a good penman and a good imitator of writing, of itself would not prove him to be a forger, any more than proving a man capable of committing a burglary, would make him a burglar; but in the case at bar, the evidence shows that the co-defendant Wilson was a poor penman, and, therefore, could not be presumed to be a good imitator of signatures generally, nor of Moore's in particular, in the

absence of practice, and under the evidence, he made the banter, or proposed to the parties at Moore's house, a trial upon Moore's name, thereby implying that he regarded himself as being skilled in the writing of that particular name, and furnishing to the jury a just and proper inference, that he had theretofore had experience in, and occasion for the writing of the name in question. If a burglary has been committed by means of a false key, and it is not only shown, that the party charged was competent to commit it (that is, a skilled locksmith), but that there was found upon him a key, or that he afterwards was able to sit down and did, from memory, make a key, that exactly fit and would open the lock of the door to the broken house, this would be proper evidence to go to the jury, as a circumstance pointing to his guilt. 1 Greenl. on Evid. [9 Ed.] secs. 51*a*, 53.

II. Appellant complains of the words, "and it devolves on the plaintiff to prove to your satisfaction," as used in the first instruction for respondents. Without qualification, these words might be objectionable, but as qualified by the words immediately succeeding, to-wit, " by a preponderance of the evidence," they are not. The jury are here clearly told that the " satisfaction" mentioned, must be measured " by the preponderance of the evidence," which is the correct rule of law, and the instruction proper under *Swigert v. Railroad*, 75 Mo. 477; *Nichols v. Winfrey*, 79 Mo. 551, where the court says: "It is sufficient in a case like this to warrant a verdict for the defendant, if it appear, satisfactorily to the jury from the whole evidence," etc., and *Clifton v. Sparks*, 25 Mo. App. 386, 387. When respondents, by answer under oath, denied the execution of the note in suit, the burden of proof was then upon the appellant. *Bank v. Snyder*, 10 Mo. App. 211.

III. The verdict was supported by the evidence and the law, and is conformable to the issue. It is certainly good as to respondents, since Wilson made no answer, as to whom it was only surplusage. *Hancock v. Buckley*, 18 Mo. App. 400; *Rembaugh v. Phipps*, 75 Mo.

424 ; 73 Mo. 243. It is good so far as respondents are concerned and should not be disturbed.

IV. The court did not err in overruling plaintiff's motion for new trial.

HALL, J.—This was an action on a promissory note, which purported to have been executed by the three defendants. Wilson made no defence. Pierpoint and Moore pleaded *non est factum*. Their sole defense was that their signatures to the note were forgeries. In support of this defence the court, against the plaintiff's objection, permitted the defendants to introduce the testimony of defendant Moore and others to this effect : That in their presence, about a year and a half after the execution of the note, Frank Wilson, the other maker of the note, proposed that they all attempt to imitate the signature of Moore ; that Moore wrote his name ; that all of the others present on different pieces of paper attempted to imitate it ; that the different attempts were compared by them, and they all decided that Wilson's was the best. This testimony, if it was of any effect at all, simply had a tendency to show that Wilson had the ability to imitate the signature of his co-maker, Moore. Was the evidence admissible for such purpose? We think not. We know of no authority in favor of the admission of evidence for such purpose, and against its admission is *Dow's Ex'r v. Spenny's Ex'r*, 29 Mo. 321. The principle underlying the general rule, that "It would not be allowable to show on the trial of an indictment, that the prisoner has a general disposition to commit the same kind of offence as that charged against him " (1 Phil. on Evid. 766), seems to apply to and to settle this question. Evidence of Wilson's ability to imitate Moore's signature in no way tended to prove that Wilson had forged Moore's signature to the note in suit. The evidence was wholly irrelevant and foreign to the issue.

For this reason the judgment is reversed and the case remanded. All concur.